FILED
SEP 2 0 2013
JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC
BY ___M.H.___ DEP CLK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

| | |
|---|---|
| TONYA E. SUMMERS, <br> Plaintiff <br><br> vs. <br><br> FIRST FINANCIAL ASSET MANAGEMENT, INC, <br><br> DEFENDANT | Case No.: 5:13cv667 <br><br> COMPLAINT |

## PRELIMINARY STATEMENT

1. This is an action brought from defendant's repeated violations of the Telephone Consumer Protection Act, (herein after, TCPA) 47 U.S.C. § 227, the Fair Debt Collection Practices Act, (herein after, FDCPA) 15 U.S.C §1692 and the North Carolina Debt Collection Act, General Statute §58-70 *et seq.* in its attempts to collect an alleged consumer debt.

## JURISDICTION AND VENUE

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper before this court pursuant to 28 U.S.C. 1391b in that the occurrences which give rise to this action occurred in Wake

County, North Carolina and the Plaintiff resides in Wake County, North Carolina.

## PARTIES

4. The Plaintiff, Tonya E. Summers ("Plaintiff"), is an adult individual Who resides in Cary, North Carolina, and is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. Defendant FIRST FINANCIAL ASSET MANAGEMENT, INC is a Georgia based business entity with an address of 230 Peachtree St, 17th Floor Atlanta, GA 30303, operating as a collection agency and is a "debt collector" as defined by 15 U.S.C. §1692a (6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the" Creditor").

7. The debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a debt under 15U.S.C.§1692a(5).

8. The debt was purchased, assigned or transferred to FIRST FINANCIAL ASSET MANAGEMENT, INC for collection.

9. The defendant attempted to collect the debt and, as such, engaged in communications as defined in 15 U.S.C. § 1692a (2).

10. From 01/25/2013 to 06/07/2013, the Plaintiff received seven

(7) calls via automated dialer and/or prerecorded message to her cell phone without having given prior express consent to the defendant.

11. Of the calls received, four (4) of the calls contained voice Messages that failed to identify the defendant as a debt collector and the nature of the call.

12. The Plaintiff and the Defendant do not have an established business Relationship.

## COUNT-I

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C.1692.

13. Paragraphs 1through 12 are re-alleged as though fully set forth herein.

14. The Plaintiff is a consumer within the meaning of the FDCPA 15U.S.C. §1692a (3).

15. Defendant is a debt collector as defined in 15 U.S.C. § 1692a (6).

16. Defendant called the Plaintiffs cell phone without disclosing their identity, which is in violation of 15 U.S.C. § 1692d (6).

17. By not identifying themselves & the nature of the calls, the defendants conduct violated 15U.S.C. § 1692e (10), by using of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

18. Defendants conduct violated 15 U.S.C § 1692e (11), by failing to disclose that they are a debt collector and that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and by failing to disclose in subsequent communications that the communication is from a debt collector.

## COUNT-II

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT. 47. U.S.C §227.

19. Defendants conduct violated 47 U.S.C. §227(b)(1)(A) by calling the Plaintiff's number, which is assigned to a cellular telephone service. The Plaintiff has never given First Financial Asset Management, Inc., permission to call Plaintiffs cell phone. Plaintiff is entitled to statutory damages.

20. Defendants conduct violated 47 U.S.C. §227(b)(1)(A)(iii) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular telephone service.

21. Plaintiff and Defendant, do not have an established business relationship within the meaning of 47 U.S.C. §227.

## COUNT- III
## VIOLATIONS OF THE NORTH CAROLINA FAIR DEBT COLLECTION PRACTICES ACT- N.C General Statute § 58-70.

22. Plaintiff is a consumer within the meaning of §58-70-90(2).

23. Defendant is a collection agency within the meaning of §58-70-15.

24. Defendants conduct violated § 58-70-110(2), by failing to disclose that they are a debt collector and that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and by failing to disclose in subsequent communications that the communication is from a debt collector.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

WHEREFORE, the Plaintiff requests that judgment be entered against Defendants

(1) Statutory damages per cause of action pursuant to 15 U.S.C. §1692k (a)(2)(A), against the Defendants;

(2) Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a) (3) against Defendants.

(3) Statutory damages per violation of the North Carolina Debt Collection Statutes pursuant to N.C. General Statute §58-70-130(b)

(4). that the court declares Plaintiff is not indebted to Defendants;

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated this 20th day of September, 2013

TONYA E. SUMMERS
507 Waterford Lakes Dr
CARY NC 07519

[signature]