UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
C.A. NO. 5:13-cv-00667-H

TONYA E. SUMMERS,

    Plaintiff,

vs.

FIRST FINANCIAL ASSET MANAGEMENT, INC.,

    Defendant.

## ANSWER

**NOW COMES** Defendant First Financial Asset Management, Inc. (hereinafter "Defendant"), by and through counsel, and pursuant to Rule 12 of the Federal Rules of Civil Procedure, as and for its Answer to the Complaint in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

### FIRST DEFENSE AND ANSWER

The answering defendant responds to the specific allegations of the Complaint as follows:

### PRELIMINARY STATEMENT

1. It is admitted that the plaintiff seeks recovery for alleged violations of the Fair Debt Collection Practices Act (the "FDCPA"), the Telephone Consumer Protection Act (the "TCPA"), and the North Carolina Debt Collection Practices Act. It is specifically denied that Defendant violated any federal or state statute or otherwise engaged in

abusive, deceptive and/or unfair practices. Except as admitted, the allegations contained in paragraph 1 of the Complaint are denied.

## JURISDICTION AND VENUE

2. The allegations contained in paragraph 2 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the same are denied.

3. The Complaint does not include a paragraph enumerated as paragraph 3 and no response is therefore required.

## PARTIES

4. Defendant is without sufficient information or knowledge to admit or deny the factual allegations contained in paragraph 4 of the Complaint and the same are therefore denied. To the extent the allegations contained in paragraph 4 of the Complaint are legal conclusions, no response is required. To the extent a response is required, the same are denied. Except as admitted, the allegations contained in paragraph 4 of the Complaint are denied.

5. It is admitted that Defendant maintains an office and place of business as listed in paragraph 5 of the Complaint. It is admitted that Defendant operates as a collection agency. It is further admitted that, at times, the Defendant acts as a debt collector. Except as admitted, the allegations contained in paragraph 6 of the Complaint are denied.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6. The allegations contained in paragraph 6 of the Complaint are admitted upon information and belief.

7. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 7 of the Complaint and the same are therefore denied.

8. It is admitted that Defendant was engaged on behalf of the creditor to collect an account owed by the plaintiff. Except as admitted, the allegations contained in paragraph 8 of the Complaint are denied.

9. It is admitted Defendant attempted to collect a debt. The remaining allegations contained in paragraph 9 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the same are denied.

10. The allegations contained in paragraph 10 of the Complaint are denied.

11. The allegations contained in paragraph 11 of the Complaint are denied.

12. The allegations contained in paragraph 12 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the same are denied.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692**

13. The averments, admissions and denials set forth above are realleged and incorporated herein by reference.

14. The allegations contained in paragraph 14 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the same are denied.

15. The allegations contained in paragraph 15 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the same are denied.

16. The allegations contained in paragraph 16 of the Complaint are denied.

17. The allegations contained in paragraph 17 of the Complaint are denied.

18. The allegations contained in paragraph 18 of the Complaint are denied.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §227

19. The allegations contained in paragraph 19 of the Complaint are denied.

20. The allegations contained in paragraph 20 of the Complaint are denied.

21. The allegations contained in paragraph 21 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the same are denied.

## COUNT III
## VIOLATIONS OF THE NORTH CAROLINA FAIR DEBT COLLECTION PRACTICES ACT
## N.C. Gen. Stat. §58-70 *et seq.*

22. The allegations contained in paragraph 22 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the same are denied.

23. The allegations contained in paragraph 23 of the Complaint are legal conclusions and no response is required. To the extent a response is required, the same are denied.

24. The allegations contained in paragraph 24 of the Complaint are denied.

## SECOND DEFENSE

Any violation of the law or damage suffered by Plaintiff, which defendant denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability of defendant.

## THIRD DEFENSE

Any violation of the FDCPA, which defendant denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors, if applicable.

## FOURTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which defendant denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim of damages against defendant.

## FIFTH DEFENSE

To the extent the defendant contacted plaintiff on a cellular telephone using an automated dialing system or leaving automated messages, both of which are denied, all calls were made with the prior express consent of the plaintiff and plaintiff's claims under the TCPA are thus barred.

**WHEREFORE**, defendant respectfully requests:

1. The plaintiff have and recover nothing of the defendant;
2. The Complaint be dismissed with prejudice;
3. The defendant have and recovery its attorney's fees and costs as provided by statute; and
4. For such other and further relief as this Court deems necessary and appropriate.

This the 17th day of October, 2013.

/s/ Caren D. Enloe
Caren D. Enloe
Morris, Manning & Martin, LLP
NC State Bar No. 17394
PO Box 12768
Research Triangle Park, NC 27709
Telephone: (919)806-2969
Facsimile: (919)806-2057
cenloe@mmmlaw.com
*Counsel for the defendant First Financial Asset Management, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document by depositing a copy thereof in the United States mail, first class postage prepaid, addressed as follows:

Tonya E. Summers
527 Waterford Lake Drive
Cary NC 27519

This the 17th day of October, 2013.

/s/ Caren D. Enloe
Caren D. Enloe
Morris, Manning & Martin, LLP
NC State Bar No. 17394
PO Box 12768
Research Triangle Park, NC 27709
Telephone: (919)806-2969
Facsimile: (919)806-2057
cenloe@mmmlaw.com
*Counsel for the defendant First Financial Asset Management, Inc.*